IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANA SMITH | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA03CA1118XR |
| | § | |
| LOWE'S HOME CENTERS, INC. | § | |
| | § | |
| DEFENDANT. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENTER JUDGMENT**

Defendant Lowe's Home Centers, Inc. ("Lowe's") files this Response to Plaintiff's Motion to Enter Judgment.

**I.**

**ARGUMENT AND AUTHORITY**

A.  Lowe's Does Not Oppose The Entry of Final Judgment, But Expressly Reserves its Right to Seek Post-Judgment Relief Pursuant to the Federal Rules of Civil Procedure.

Lowe's firmly contends that the jury's verdict in this case was unreasonable and wholly unsupported by the evidence. Lowe's intends to seek post-judgment relief from the trial court pursuant to FED. R. CIV. P. 50(b) and 59.[1] Under Rule 50, a party may renew its request for judgment as a matter of law, and alternatively request a new trial, "no later than 10 days after entry of judgment." FED. R. CIV. P. 50(b). Accordingly, so that Lowe's may have its post-judgment motions heard, Lowe's does not oppose the entry of final judgment; however, for the reasons set forth below, upon entry of final judgment, Lowe's respectfully requests that this Court (1) apply Texas' mandatory exemplary damages caps to Plaintiff's excessive exemplary

---

[1] Lowe's intends to file a renewed motion for judgment as a matter of law, a motion for remittitur, and in the alternative, a motion for new trial.



damages award and (2) apply the correct prejudgment interest rate applicable to this case. Further, Lowe's specifically reserves its right to assert its motions for post-judgment relief.

    B.    <u>Texas Statutory Law Mandates That Plaintiff's Exemplary Damages Award Be Significantly Reduced.</u>

Lowe's respectfully submits that judgment should not be entered in the amount specified in Plaintiff's proposed judgment. Specifically, the jury's verdict awarding $4,000,000 in exemplary damages for Plaintiff's state common law defamation claim exceeds the maximum exemplary damages award allowed by Texas law.

Section 41.008 of the Texas Civil Practice & Remedies Code provides, in pertinent part:

> (a) In an action in which a claimant seeks recovery of damages, the trier of fact shall determine the amount of economic damages separately from the amount of other compensatory damages.
>
> (b) Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of:
>
> (1)(A) two times the amount of economic damages; plus
>
> (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or
>
> (2) $200,000.

TEX. CIV. PRAC. & REM. CODE ANN. § 41.008 (Vernon Supp. 2004). When a federal court's subject matter jurisdiction is based upon diversity, as in this case, the court must apply state law when considering issues of substantive law. *Erie Railroad Co. v. Tompkins,* 58 S. Ct. 817, 822-23 (1938). The Supreme Court has conclusively established that statutory damage caps are substantive issues for *Erie* purposes. *Gasperini v. Center for Humanities, Inc.*, 116 S. Ct. 2211, 2220 (1996). "[T]he state as a matter of its substantive law may…place an absolute cap on the amount of damages available, and such substantive law would be applicable in a federal court sitting in diversity." *Id.* Practically speaking, a federal court exercising its jurisdiction over state

2

law claims solely because of diversity of citizenship is, "in effect, only another court of the State." *Guaranty Trust Co. of New York v. York*, 65 S. Ct. 1464, 1469 (1945).

Here, the jury awarded Plaintiff $100,000 in economic damages and $200,000 in noneconomic damages for her defamation claim.[2] (*See* Verdict Form, p. 8, filed on February 28, 2005). In compliance with the strict limits of Section 41.008, therefore, the Court must apply the following formula:

$100,000 (economic damages) x 2 = $200,000
+
$200,000 (noneconomic damages)
Total: **$400,000**

Accordingly, the <u>maximum</u> amount of exemplary damages which may be awarded to Plaintiff is $400,000. The jury's award to Plaintiff, however, clearly exceeds this amount and must be reduced accordingly.

Moreover, based upon the evidence at trial, this Court is free to further reduce the exemplary damages award, or eliminate it altogether.[3] In order to find malice attributable to Lowe's, as is required to sustain an exemplary damages award, the evidence must support a finding that Chris Cox was (1) a vice-principal, and (2) acting within his capacity as a vice-principal when he allegedly slandered Plaintiff. This Court acknowledged at the close of evidence that this issue was "going to be a close one." Indeed, Lowe's respectfully submits that a reasonable jury could not have found by <u>clear and convincing evidence</u> that Cox was acting on

---

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(4) defines "economic damages" as "damages intended to compensate a claimant for actual economic or pecuniary loss…the term does not include…noneconomic damages." Subsection (12) of the same statute defines "noneconomic damages" as "damages awarded for the purpose of compensating a claimant for…pain and suffering, mental or emotional pain or anguish…injury to reputation, and all other nonpecuniary losses… ." Id. Here, Plaintiff was awarded $100,000 for special damages, which "include lost past and future income and loss of earning capacity," *i.e.*, economic damages, and $200,000 for general damages, which "include compensation for injuries to character or reputation, pain and suffering, and mental anguish," *i.e.*, noneconomic damages. (*See* Verdict Form, p. 8).

[3] Likewise, the Court may also *sua sponte* reduce or eliminate the underlying compensatory damages awards for each of Plaintiff's claims, or wait to consider the merits of Lowe's argument on these grounds in its post-judgment motion.

behalf of the company when he made the allegedly slanderous statements, and further there is no evidence in the record to support such a finding. Lowe's will reserve its arguments on this issue, and each of the remainder of its points of law for its Renewed Motion for Judgment as a Matter of Law, Motion for Remittitur and in the Alternative, Motion for New Trial.

    C.    <u>The Form of Plaintiff's Proposed Judgment Should Be Modified.</u>

Pursuant to the arguments raised above, Lowe's proposes that judgment be entered in the form contained in Exhibit 1 hereto. Further, Plaintiff has incorrectly calculated that a 5.5% prejudgment interest rate is applicable to this case. In diversity cases, state law must be applied when determining (a) whether prejudgment interest should be awarded, and (b) what that interest rate should be. *Bangert Bros. Const. Co., Inc. v. Kiewit Western Co.*, 310 F.3d 1278, 1297 (10th Cir. 2002); *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1108 (9th Cir. 1998). Texas state law provides that "[t]he prejudgment interest rate is equal to the postjudgment interest rate applicable at the time of judgment." TEX. FIN. CODE ANN. § 304.103 (Vernon Supp. 2004). However, in diversity cases, postjudgment interest is governed by 28 U.S.C. § 1961, which calculates the rate of post-judgment interest based on the average prices for 52-week Treasury bills as of the calendar week preceding the entry of final judgment. *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999); 28 U.S.C. § 1961. According to the official website of the United States District Court of the Southern District of Texas, the post-judgment interest rate for the week of March 21-March 27, 2005 is 3.31%. www.txs.uscourts.gov/interest/interest.htm. Accordingly, both pre- <u>and</u> -postjudgment interest in this matter should be calculated at the same statutorily-mandated rate in effect during the week prior to the entry of final judgment, and should not be calculated at the 5.5% rate suggested by Plaintiff in her Motion to Enter Judgment.

4

## II.

## CONCLUSION

As explained above, Defendant Lowe's Home Centers, Inc. intends to seek post-judgment relief in this matter pursuant to the Federal Rules of Civil Procedure. As such, Lowe's is unopposed to the entry of final judgment in this case. However, Lowe's urges this Court to apply Texas' mandatory exemplary damages caps to Plaintiff's excessive exemplary damages award upon entry of final judgment, and seeks all other and further relief to which it may be entitled, at law or in equity.

Respectfully submitted,

*[signature]*

J. Bradley Spalding
State Bar No. 00786263
**Stefanie R. Moll**
State Bar No. 24002870
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

**Attorneys for Defendant
Lowe's Home Centers, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by postage-prepaid, certified mail, return receipt requested, on this the 29th day of March 2005, addressed as follows:

Matthew R. Pearson
GRAVELY & PEARSON, L.L.P.
Riverview Towers
111 Soledad, Suite 300
San Antonio, Texas 78205

ATTORNEYS FOR PLAINTIFF
JANA SMITH

_____
J. Bradley Spalding

Houston:220273.1 028756.1308

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANA SMITH | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA03CA1118XR |
| | § | |
| LOWE'S HOME CENTERS, INC. | § | |
| | § | |
| DEFENDANT. | § | |

## JUDGMENT

This matter came on before the Court for trial by jury beginning February 22, 2005. On February 25, 2005, after the close of evidence, the Court submitted questions, instructions and definitions to the jury. In response, the jury made findings that the Court received, filed, and entered of record. Plaintiff now moves for entry of judgment on the record. The Court considered the motion and renders judgment in favor of Plaintiff.

IT IS THEREFORE ORDERED that the Plaintiff, Jana Smith, shall recover of and from the Defendant, Lowe's Home Centers, Inc., the following:

1. The sum of _____ in compensatory damages for Plaintiff's workers' compensation retaliation claim;

2. The sum of _____ in general (noneconomic) compensatory damages for Plaintiff's defamation claim.

3. The sum of _____ in special (economic) compensatory damages for Plaintiff's defamation claim.

4. The sum of _____ in exemplary damages for Plaintiff's defamation claim.

5. Her taxable costs of court, for all of which let execution issue if not timely paid.

It is further ORDERED that the award of compensatory damages shall include pre-judgment and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

This shall be considered the FINAL JUDGMENT in this case, and all relief requested by either party which is not specifically granted, or reserved for later determination, is hereby denied.

Signed this ____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE